**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**WINDWARD BORA LLC,**

                           **Plaintiff,**                **REPORT AND**
                                                      **RECOMMENDATION**

       **-against-**
                                                          **19-CV-1755 (RJD)**

**AUGUSTIN BAEZ, et al.,**

                           **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On September 5, 2019, the Honorable Jack B. Weinstein[1] entered a judgment of foreclosure and sale in favor of plaintiff Windward Bora LLC ("plaintiff") regarding real property located at 748 Drew Street in Brooklyn, New York (the "Premises"). See Judgment of Foreclosure and Sale (filed on Sept. 9, 2019) (the "Judgment of Foreclosure"), Electronic Case Filing ("ECF") Docket Entry ("DE") #24. Thereafter, the Premises were sold to plaintiff at a public auction, held on November 14, 2019.[2] See Referee's Report of Sale (Jan. 16, 2020), DE #28.

By motion for an Order To Show Cause filed on April 28, 2020, defendants-mortgagors Augustin Baez and Maria D. Baez (collectively, the "Baezes" or "moving

---

[1] This case was later reassigned to District Judge Raymond J. Dearie.

[2] The Premises were sold at judicial auction long before any potentially applicable pandemic-related federal or state foreclosure moratorium was instituted. Assuming the subject mortgage would have otherwise been subject to the federal foreclosure and eviction moratorium currently in effect, that moratorium applies only to the initiation of foreclosures and foreclosures in process. See 15 U.S.C. § 9056(c)(2); Press Release, Dep't of Hous. & Urban Dev., HUD Announces Extensions And Expansions Of Covid-19 Homeowner Relief And Home Retention Measures (Feb. 16, 2021). Similarly, New York's COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 does not apply after a judgment of foreclosure and sale has been executed. See COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020, 2020 N.Y. Sess. Laws ch. 381 (effective Dec. 28, 2020).

defendants") move pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (the "FRCP") to nullify or vacate the Judgment of Foreclosure, as well as the Referee's Deed recorded on January 22, 2020, transferring the Premises.  See Motion for Order to Show Cause (Apr. 28, 2020), DE #29.[3]  Judge Dearie referred the motion to then-assigned Magistrate Judge James Orenstein to report and recommend.  See Order Referring Motion (July 7, 2020).   The case was reassigned to this magistrate judge on December 29, 2020.

## BACKGROUND

On March 27, 2019, plaintiff commenced this action by filing a complaint against defendants to foreclose on the Premises, and purportedly served them.  See Complaint (Mar. 27, 2019), DE #1.  The underlying foreclosure action concerned a recorded mortgage securing the Premises, and a Note the Baezes executed and delivered to the mortgagee on March 27, 2007, in the amount of $132,050.00.  See id. ¶¶ 13, 14.  The Baezes failed to make the payment due on June 11, 2013, and failed to make any subsequent payments.  See id. ¶ 19.  On December 19, 2018, plaintiff sent 90-day notices of default pursuant to section 1304(1) of New York's Real Property Actions and Proceedings Law ("RPAPL"), along with default notices to cure pursuant to the loan documents.  See id. ¶ 20 & Ex. E thereto, DE #1-1.  On May 3, 2019, the Notice of Pendency of this action was filed in the Kings County Clerk's Office.  See Declaration of Regularity (July 22, 2019) ¶ 4, DE #20-1 & Ex. A thereto, DE #20-3.

---

[3] The moving defendants also requested a temporary restraining order to prevent plaintiff from disturbing their possession of the Premises, which Judge Dearie denied without prejudice.  See Order (Apr. 28, 2020).

2

On May 17, 2019, following defendants' failure to appear or otherwise defend this action, the Clerk entered a Certificate of Default against defendants. See Clerk's Entry of Default (May 17, 2019), DE #19. On July 22, 2019, plaintiff filed its motion for a default judgment, and served a copy on the Baezes. See Motion for Default Judgment of Foreclosure and Sale (July 22, 2019), DE #20; Affidavit of Service (July 22, 2019), DE #20-7. On August 12, 2019, Judge Weinstein scheduled a motion hearing for September 5, 2019, notice of which was served on the Baezes. See Order Setting Hearing (Aug. 12, 2019), DE #21; Affidavit of Service for Order (Aug. 15, 2019), DE #22. Defendants failed to appear at the hearing. See Minute Entry (Sept. 5, 2019), DE #23. On September 5, 2019, Judge Weinstein granted the Judgment of Foreclosure, which was mailed to the Baezes by court staff on September 9, 2019. See Court-only docket entry dated September 9, 2019. The Notice of Sale was published in a local weekly newspaper, the *Kings Courier/Flatbush Life*, on October 11, 2019, October 18, 2019, October 25, 2019, and November 1, 2019. See Affidavit of Publication (Jan. 16, 2020), DE #28 at ECF pp. 15-16. The Notice of Sale was also mailed to the Baezes on October 10, 2019. See Affidavit of Service (Oct. 22, 2019), DE #25-1.

## DISCUSSION

### I. Rule 60(b)(4) Standard

The Baezes move to vacate the default judgment and to nullify the referee's deed pursuant to Rule 60(b)(4) of the FRCP. See Memorandum in Support (Apr. 28, 2020) ("Def. Mem."), DE #29-5.

Rule 55(a) of the FRCP provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, a party may move for a default judgment. See Fed. R. Civ. P. 55(b). Rule 55(c) provides that a party may petition the court to "set aside a default judgment under Rule 60(b)."[4] Fed. R. Civ. P. 55(c); see Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Under Rule 60(b)(4), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). "A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011); see "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a

---

[4] The "more relaxed analysis for vacatur under Rules 55(c), 60(b)(1), and 60(b)(6)" does not apply to a motion brought under Rule 60(b)(4). See Trs. of Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F.Supp.2d 272, 277 (E.D.N.Y. 2010). Although the Baezes' proposed Order to Show Cause makes a perfunctory reference to Rule 60(b)(1) (see DE #29 at ECF p. 1), they have seemingly abandoned that ground because their motion papers do not address the provision (see Def. Mem). See D.S. by & through C.S. v. Rochester City Sch. Dist., No. 6:19-CV-6528 EAW, 2020 WL 7028523, at *4 n.2 (W.D.N.Y. Nov. 30, 2020) (treating as abandoned ground that was indicated in notice of motion but not discussed in the defendants' submissions); Araujo v. Macaire, No. 16-CV-9934(PAE)(KNF), 2018 WL 4300525, at *4 (S.D.N.Y. Sept. 7, 2018) (deeming abandoned request for relief included in notice of motion).

Under Rule 60(b)(1), a court may set aside a final default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Were the Court to consider the Baezes' motion under Rule 60(b)(1), it would conclude that the moving defendants' default was willful, that they have not shown a meritorious defense, and that plaintiff would be prejudiced by vacating the default. See United States v. Riser, No. 10-CV-4550 (DLI), 2011 WL 1004566, at *3 (E.D.N.Y. Mar. 16, 2011) (finding, *inter alia*, defendant's "vague and conclusory" denial of service, including that no occupant of residence fit the process server's description, was insufficient to show improper service).

4

violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (citations omitted); see Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) ("In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court plainly usurped jurisdiction, or, put somewhat differently, when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.") (internal quotation marks and citation omitted). "[W]hen a judgment entered against the defaulting party is void, the Court has no discretion and is compelled to grant the motion for the reason that a void judgment cannot be enforced." Sartor v. Toussaint, 70 F.App'x 11, 13 (2d Cir. 2002) (internal quotation marks and citation omitted).

"For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'" Westchase Residential Assets II, LLC v. Gupta, No. 14-CV-1435 (ADS)(GRB), 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016) (quoting Licci *ex rel.* Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012)); see Mastroianni v. Reilly, 602 F.Supp.2d 425, 434 (E.D.N.Y. 2009) ("Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant.") (internal quotation marks and citations omitted). "'[A] default judgment entered against [a defendant] should be vacated as void under Rule 60(b)(4) if service

5

on [the defendant] was defective.'" Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., No. 17 CIV. 5553 (LGS), 2020 WL 7093592, at *3 (S.D.N.Y. Dec. 4, 2020) (quoting Tuqui Tuqui Dominicana, S.R.L. v. Castillo, No. 19 Civ. 108 (NRB), 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020)).

"'Normally, a plaintiff has the burden of proving personal jurisdiction in a case where a defendant appears and contests such jurisdiction.'" Middleton v. Green Cycle Hous., LLC, 689 F.App'x 12, 13 (2d Cir. 2017) (quoting "R" Best Produce, 540 F.3d at 126). However, "[w]here a defendant has actual notice of a lawsuit before a default judgment is entered, but does not challenge jurisdiction until after a default is entered, the burden to prove lack of jurisdiction shifts to defendant." Id.; see Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005).

## II.    Actual Notice to the Baezes

The Baezes contend that they were never served with the summons and complaint, and that "[n]either [Baez] had any notice of this action until a 'Ninety (90) Day Notice to Quit with Exhibition of Deed' was stuck to the front door of their home" on January 24, 2020. Def. Mem. at 3; see id. at 1; Affidavit of Augustin Baez (Apr. 28, 2020) ("A. Baez Aff.") ¶¶ 4, 11, DE #29-1; Affidavit of Maria D. Baez (Apr. 28, 2020) ("M. Baez Aff.") ¶¶ 4, 11, DE #29-3.[5]  In fact, the Baezes attest that they have "not received any documents – ever – from

---

[5] Plaintiff argues that the Baezes' affidavits have "no probative value" because they are not notarized. See Memorandum in Opposition (May 4, 2020) at 7 n.1, DE #30. On the contrary, "the fact that a declaration is unnotarized does not preclude the Court from considering the factual statements averred, so long as the declaration has been signed 'under penalty of perjury.'" Martinez v. Zero Otto Nove Inc., No. 15 CIV. 899 (ER), 2016 WL 3554992, at *3 (S.D.N.Y. June 23, 2016) (internal quotation marks and citation omitted); 28 U.S.C. § 1746(2). Here, the Baezes state that the facts contained in their affidavits are sworn to under penalty of

Windward Bora LLC or its attorneys in the mail or otherwise, except the 90-Day Notice referred to above." M. Baez Aff. ¶ 11; A. Baez Aff. ¶ 11. As discussed below, the claim that the Baezes did not receive actual notice of this suit until January 24, 2020 strains credulity.[6]

Under the governing law, there is a rebuttable presumption that "where the record shows that a properly addressed piece of mail was placed in the care of the Postal Service, that piece of mail is 'presumed to have been delivered.'" Dunn v. Albany Med. Coll., 445 F.App'x 431, 432-33 (2d Cir. 2011) (in affirming denial of Rule 60(b)(4) motion, finding that plaintiff was deemed to have received court orders mailed by court staff); see Cooke v. United States, 918 F.3d 77, 81 (2d Cir. 2019) (recognizing common-law presumption that "a piece of mail, properly addressed and mailed in accordance with regular office procedures, has been received by the addressee"); Akey v. Clinton Cty., N.Y., 375 F.3d 231, 235 (2d Cir. 2004) (applying presumption that defendants received mailed notices of foreclosure). "Denial of receipt, without more, is insufficient to rebut the presumption." Akey, 375 F.3d at 235; see Dunn, 445 F.App'x at 432-33 ("Dunn's only challenge to this presumption [of receipt] is his continued denial that the documents were received, but he fails to identify any evidence that might indicate why this is the case."); Fisher v. Lewis Constr. NYC Inc., 179 A.D.3d 407, 408 (1st Dep't 2020).

---

perjury.

[6] Even if the Baezes first learned of this action on January 24, 2020, they then delayed more than three months before moving to vacate the judgment.

7

The Baezes have not offered any reason, let alone a plausible explanation, why they would not have received the documents mailed to them at the Premises. In addition to the purported service of the pleadings, plaintiff has provided proof of at least 10 different mailings to the Baezes at the Premises, where they continue to reside, prior to entry of the Judgment of Foreclosure. See DE #1-1 at ECF pp. 24-29 (four copies of a notice pursuant to New York's RPAPL § 1304, dated December 19, 2018, mailed by regular and certified mail); DE #1-1 at ECF pp. 30-34 (four copies of a notice of default, dated December 19, 2018, mailed by first class and certified mail); DE #20-7 (affidavit of service, dated July 22, 2019, for plaintiff's motion for default judgment mailed to each defendant by first class mail); DE #22 (affidavit of service, dated August 15, 2019, for the District Court's order scheduling a hearing on the motion for default judgment of foreclosure and sale served by first class mail). Internal court records further indicate that copies of the Judgment of Foreclosure and Sale were mailed to defendants by court staff on September 9, 2019.[7] There is no basis in the record for the Court to doubt that the mailings were sent to the proper addresses; indeed, both Baezes attest to living at that address. See A. Baez Aff. ¶ 5; M. Baez Aff. ¶ 5. Plaintiff has submitted proof that the documents sent by plaintiff were mailed to the Baezes, creating a presumption that the documents reached their destination and were received by the addressees. The Baezes have not submitted any credible evidence to rebut the presumption of receipt, and are therefore

---

[7] Further mailings were sent to the Baezes prior to the foreclosure sale held on November 14, 2019. See DE #25-1 (affidavit of service, dated October 10, 2019, for notice of sale mailed to each defendant); DE #26 (affidavit of service, dated October 23, 2019, for transcript of the September 5, 2019 hearing before the District Court mailed to each defendant).

8

presumed to have had actual notice of this matter, notwithstanding their self-serving averments to the contrary.[8] See Dunn, 445 F.App'x at 433; Akey, 375 F.3d at 235; Gil v. Frantzis, No. 17-CV-1520-ARR-SJB, 2019 WL 5694074, at *7 (E.D.N.Y. Aug. 22, 2019) (rejecting defendants' denials that they had actual notice of the lawsuit where they conceded that process was mailed to the correct address), adopted, 2019 WL 4784674 (E.D.N.Y. Oct. 1, 2019); Orix Fin. Servs. v. Phipps, No. 91CV2523(RPP), 2009 WL 30263, at *11 (S.D.N.Y. Jan. 6, 2009) (applying "presumption of regularity afforded to properly mailed letters").

Because this Court finds that the Baezes received actual notice of this lawsuit prior to the entry of judgment, the burden of proof may properly be placed on the moving defendants to prove lack of jurisdiction. In any event, whichever party bears the burden of proof in this case, the outcome of this motion should remain the same. Here, even assuming *arguendo* that plaintiff bears the burden of proving jurisdiction, plaintiff satisfies that burden, because service was properly effected.

Rule 4(e)(1) of the FRCP provides that service of process upon an individual located within a judicial district of the United States may be effected by personal delivery, by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" or "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P.

---

[8] Although the moving defendants have not raised a due process challenge, it is well established that notice "sent by ordinary mail is deemed reasonably calculated to inform interested parties" of an impending action. See Weigner v. New York, 852 F.2d 646, 650 (2d Cir. 1988); see also Mennonite Board of Missions v. Adams, 462 U.S. 791, 799-800 (1983) (notice of mortgagee of tax foreclosure); Greene v. Lindsey, 456 U.S. 444, 455 (1982) (notice to public housing tenants of forcible entry and detainer actions); Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v. Tiancheng Chempharm, Inc. USA, 771 F.App'x 36, 37 (2d Cir. 2019).

9

4(e)(1), 4(e)(2)(A), (B).  In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it.  See N.Y. C.P.L.R. §§ 308(1)-(4).

Although, in New York, a process server's affidavit of service establishes a presumption of service, "[a] defendant's sworn denial of receipt of service [] rebuts [that] presumption . . . and necessitates an evidentiary hearing."  Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002); see Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc., 553 F.App'x 42, 44 (2d Cir. 2014).  "But no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits."  Weifang Xinli Plastic Prods., 553 F.App'x at 44 (quoting Old Republic Ins., 301 F.3d at 58).  A mere conclusory or general denial of receipt cannot rebut the presumption of service.  See Cablevision Sys. N.Y.C. Corp. v. Okolo, 197 F.App'x 61, 62 (2d Cir. 2006).  "[C]ourts may discredit such denials of service when there is 'ample evidence from which [to] conclude'" that the defendant's statements "'lack[] credibility.'"  DeCurtis v. Ferrandina, 529 F.App'x 85, 86 (2d Cir. 2013) (quoting Old Republic Ins., 301 F.3d at 58).

On April 10, 2019, process server Lisandro Luna served defendant Maria D. Baez personally with copies of the summons, complaint, and RPAPL § 1303 Notice and Certificate of Merit, at the Premises.  See Affidavit of Service (Apr. 26, 2019), DE #14; Supplemental

10

Affidavit of Lisandro Luna (July 28, 2020) ("Supp. Luna Aff.") ¶ 12, DE #34.  Maria Baez signed an acknowledgement verifying her receipt of service.  See DE #30-3 at ECF p. 5.  Personal service upon Maria Baez satisfies the requirements of service under Rule 4(e)(2)(A) and CPLR § 308(1).

Defendant Augustin Baez was served through Maria Baez, as a person of suitable age and discretion at his residence.  See Affidavit of Service (Apr. 26, 2019), DE #15.  To complete service on defendant Augustin Baez, Lisandro Luna mailed the documents described above to Mr. Baez at the Premises.  See id.  Therefore, service on Augustin Baez was properly effected pursuant to Rule 4(e)(2)(B) and CPLR § 308(2).

The Baezes each state in their respective affidavits that they were "never served with the Summons and Complaint."  See M. Baez Aff. ¶ 4; A. Baez Aff. ¶ 4.  Ms. Baez further attests that she remembers that she was at the Premises when service was purportedly served because it was her son's birthday, but that no person knocked on the door or rang the doorbell.  See M. Baez Aff. ¶¶ 8, 9.  Notwithstanding the moving defendants' denials, the affidavits of service and the receipt submitted by plaintiff's process server establish a presumption of service here.  Most recently, in response to the Baezes' motion, plaintiff's process server has "reaffirm[ed]" that she served the Baezes by personally serving Maria Baez on April 10, 2019, and mailed process to Augustin Baez at the Premises, on April 19, 2019.  See Supp. Luna Aff. ¶ 12.  The process server states that in addition to relying on her business records, she "recalls specific details about this service."  Affidavit of Lisandro Luna (May 4, 2020) ¶¶ 6, 7, DE #30-3; Supp. Luna Aff. ¶¶ 5, 6.

11

Here, the Baezes' conclusory denials are insufficient to rebut the process server's affidavit or create a genuine factual issue that would require a hearing regarding personal service on Maria Baez.  See Okolo, 197 F.App'x at 62 (holding that defendant's general denial of service and disagreements with process server's physical description of recipient were insufficient to require an evidentiary hearing); DeCurtis v. Upward Bound Int'l, Inc., No. 09 CIV. 5378(RJS), 2012 WL 4561127, at *4-5 (S.D.N.Y. Sept. 27, 2012) (opining that court would be justified in denying defendant's request for an evidentiary hearing where defendant claimed he was never served with process and disputed his physical description in the process server's affidavit), aff'd sub nom. De Curtis v. Ferrandina, 529 F.App'x 85 (2d Cir. 2013); Single Source Roofing Corp. v. 228 Granite Ave. Realty, LLC, No. 05 CV 1241(NG)(SMG), 2005 WL 3113421, at *3 (E.D.N.Y. Nov. 22, 2005) (dismissing defendant's assertion that he had not been served, without an evidentiary hearing, where the only evidence proffered by defendant was that the process server overestimated his height by four inches); NYCTL 1997-1 Tr. v. Nillas, 288 A.D.2d 279, 279 (2d Dep't 2001) (on motion to vacate judgment of foreclosure and sale, holding defendant's failure to substantiate claim that she was not present at place of service fails to rebut presumption of proper service established by process server's affidavit).

The Baezes have proffered only a bare denial of service without providing specific facts.  They submitted no documentary evidence to substantiate the claims made in their affidavits.  Although Ms. Baez denies that she was served, she concedes that she was at home when the process server purportedly served her at the Premises.  See M. Baez Aff. ¶ 8.

12

Moreover, the Baezes do not dispute the physical description of Maria Baez provided by the process server in her affidavit of service. Finally, the Court takes judicial notice that the signature purporting to be that of Maria Baez on the process server's receipt is very similar to the signature on the affidavit Ms. Baez submitted to the Court. Compare DE #30-3 at ECF p. 5 with DE #29-3 at ECF p. 3. Ms. Baez's total failure to address the presence of her signature on the receipt submitted by plaintiff, or to specifically deny the genuineness of her signature, weigh heavily against crediting her self-serving affidavit. See Old Republic, 301 F.3d at 58-59 (affirming denial of motion to vacate without a hearing where defendant did not swear to facts that raised a specific factual dispute regarding the propriety of service).

The Baezes further claim that plaintiff's proof of mailing of process to Augustin Baez "is [f]raudulent." Reply Memorandum (May 7, 2020) at 2, DE #31. The Baezes cite as evidence the reduced postage of $1.40 and purported irregularities in the certificate of mailing form used. See id. at 2-3. Regarding the appearance of the certificate, the Baezes posit that "[p]laintiff (or its process server) mailed process to the wrong address (assuming it was mailed at all), altered the Certificate, and hoped no one would notice." Id. at 3. In response, plaintiff's process server attests that the Deer Park New York United States Post Office, indeed, accepted the postage reflected in the certificate of mailing. See Supp. Luna Aff. ¶ 9. Although the process server did not respond to the moving defendants' claims of impropriety in the certificate of mailing form, she has reaffirmed that she mailed process to Augustin Baez on April 19, 2019. See id. ¶ 12. The Baezes have offered nothing other than speculation and their bare denials of receipt to contest plaintiff's evidence that it completed service on Augustin

13

Baez by mail. Nor have they addressed their failure to take action in response to the Judgment of Foreclosure and Sale mailed to them by court staff on September 9, 2019. See *supra* p. 3. Again, the moving defendants have not raised a factual issue that would warrant a hearing. See *supra* pp. 11-12.

In sum, having considered the evidence submitted, plaintiff has established that the Baezes were properly served with process and the Judgment entered against them is not void for lack of jurisdiction.

## CONCLUSION

For the reasons explained above, the Court respectfully recommends that the District Court deny the Baezes' motion to vacate the judgment and to nullify the Referee's Deed.

Any objections to the recommendations contained herein must be filed with Judge Raymond J. Dearie on or before **March 10, 2021**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**SO ORDERED.**

**Dated:**    Brooklyn, New York
         February 24, 2021

         /s/ *Roanne L. Mann*
         **ROANNE L. MANN**
         **UNITED STATES MAGISTRATE JUDGE**

14