UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                                  x

WINDWARD BORA LLC,                              x       Index No.:  19-CV-01755-RJD-RLM
                *Plaintiff*,

             - against -

AUGUSTIN BAEZ, MARIA D. BAEZ,
NEW YORK COMMISSIONER OF LABOR,       **OBJECTIONS TO THE**
CAPITAL ONE BANK, NEW YORK CITY           **REPORT & RECOMMENDATIONS**
ENVIRONMENTAL CONTROL BOARD, and       **OF MAGISTRATE JUDGE MANN**
NEW YORK CITY PARKING VIOLATIONS
AND TRANSIT ADJUDICATION BUREAU,
                *Defendants*.
------------------------------------------------------------------ x

        Defendants Augustin Baez and Maria D. Baez object to the Report and Recommendations of Magistrate Judge Roanne L. Mann dated February 24, 2021 (Electronic Case Filing Docket Entry ("DE") 36)("Report"), specifically the Report's finding that "plaintiff has established that the Baezes were properly served and the Judgment entered against them is not void for lack of jurisdiction".  (Report, pg. 14.)

        Contrary to this finding, the Baezes clearly showed they never were served: (i) Mrs. Baez expressly stated that she was not served, that she was home all day on the date of the purported service, that no one came to her home, and that she specifically remembers the day because it was her son's birthday and she was preparing a celebration for him (Affidavit of Maria D. Baez dated April 8, 2020, ¶¶4, 11 (DE 29-3)); and (ii) Mr. Baez, purportedly served by substitute service on Mrs. Baez, expressly stated that he did not receive a copy of the summons and complaint by mail (Affidavit of Augustin Baez dated April 8, 2020, ¶¶4, 11 (DE 29-1)).

The Baezes were not served, and the Judgment entered against them is void for lack of jurisdiction.

## I.     **Plaintiff did not prove service.**

The Court convened a telephone conference with Magistrate Judge James Orenstein on July 21, 2020, to hear oral argument on the Baezes' Order to Show Cause. During the conference, counsel for the Baezes rebutted the assertions set forth in plaintiff's process server's affidavit by citing the laws and rules regarding a process server's records, including General Business Law ("GBL") §89-cc and New York City Administrative Code ("NYC Admin. Code") §20-410[1], and stating that Mr. Luna's affidavit (DE 30-3), which simply reasserted the allegations set forth in his original affidavits of service of the Summons and Complaint (DE 14, 15), was insufficient to prove proper service when such service was specifically denied.

By Scheduling Conference Minute Order dated July 21, 2020 (DE 33), Magistrate Orenstein ordered Plaintiff to submit additional evidence to rebut the factual assertions in the Baezes' reply papers by July 28, 2020, essentially giving Plaintiff the opportunity to submit such evidence it might have produced at a traverse hearing.

---

[1] See also, Rules of the City of New York ("RCNY") §2-233 et seq. Section 2-233b(a)(2) states:

(i) On every occasion that a process server attempts or effects service of process, the process server must ensure that the mobile device makes an electronic record of the GPS location, time and date of the attempted or effected service immediately after attempting or effecting service. In the event that no GPS signal is available at the time of attempted or effected service of process, the location, time and date will be determined by triangulated cell tower signals.

(ii) Each electronic record must be labeled with: a) the GPS or cellular network date and military time maintained by the mobile device; b) the DCA license number of the process server; c) the DCA license number of the process serving agency that distributed the process for service; d) the name of the plaintiff or petitioner; e) the name of the defendant or respondent; f) the docket number, if any; g) the name of the person to whom process is delivered; and h) a unique file identifier of the process being served.

Section 2-233(b)(4)(iv) further requires that "the Contractor must maintain the records in a manner that will ensure that their integrity is adequate for admissibility in a judicial proceeding under the rules of evidence applicable in the state of New York."

No additional evidence was forthcoming.

Plaintiff submitted Mr. Luna's Affidavit in Further Support of Plaintiff's Opposition To Defendants' Order To Show Cause dated July 28, 2020 (DE 34), which purported to prove the Certificate of Mailing and simply repeated - and *implored* the Court to believe - the statements in Mr. Luna's original affidavit dated April 29, 2020 (DE 30-3), which simply repeated Mr. Luna's original service affidavits; Plaintiff produced no additional evidence.

Plaintiff failed to prove service of process. "Plaintiff failed to produce the process server, the process server's log book, or other opposing evidence at the hearing. Thus its burden to prove that process was effectuated was not met (see *Woods v M.B.D. Community Hous. Corp.*, 90 AD3d 430, 430 [1st Dept 2011])." (Federal Natl. Mtge. Assn. v. David, 172 AD 3d 572, 573 (1st Dept. 2019).)

In New York, process servers are required to keep certain records, including a bound notebook and GPS records evidencing that the process server was at the place of service at the time of service. "The record-keeping . . . were designed to combat a continuing and pervasive problem of unscrupulous service practices by licensed process servers. These practices deprive defendants of their day in court and lead to fraudulent default judgments. Often associated with consumer debt collection and landlord-tenant litigation, questionable service practices have their greatest impact on those who are poor and least capable of obtaining relief from the consequences of an improperly imposed default judgment." Matter of Barr v. Dep't Of Consumer Affairs of the City of New York, 70 N.Y.2d 821, 823 (1987).

GBL §89-cc states:

Each process server shall maintain a legible record of all service made by him as prescribed in this section. Such records shall be kept in chronological order in a bound, paginated volume. Corrections in records shall be made only by drawing a straight line through the inaccurate entry

and clearly printing the accurate information directly above the inaccurate entry. All other methods of correction, including but not limited to erasing, opaquing, obliterating or redacting, are prohibited.

NYC Admin. Code §20-410 states:

A process server licensed pursuant to this subchapter shall carry at all times during the commission of his or her licensed activities and operate at the time process is served or attempted an electronic device that uses a global positioning system, wi-fi device or other such technology as the Commissioner by rule shall prescribe to electronically establish and record the time, date, and location of service or attempted service. All records created by such electronic device shall be maintained in an electronic database by the process server, or if such process server is acting exclusively as an employee of a process service agency, by the process service agency, for seven (7) years from the date such record is created.

The Report ignores that fact that, in New York City, a licensed process server must keep – and maintain for up to seven years – specific records regarding each service, including GPS records evidencing that the process server was at the specified location at the specified time.

Plaintiff did not produce such records. Despite Plaintiff's process server submitting *two affidavits*, Plaintiff never produced the records required by both the City and State of New York regarding service. Plaintiff's second affidavit was submitted in response to Magistrate Judge Orenstein's request for a supplemental filing by Plaintiff, which followed the Baezes' counsel's specific request for such records.

Eastern Savings Bank, FSB v. Campbell, 167 AD 3d 712, 714 (2d Dept. 2018), states:

"The plaintiff has the burden of proving the court's personal jurisdiction over a defendant (see *Wells Fargo Bank, N.A. v Decesare*, 154 AD3d 717, 717 [2017]). Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is sufficient, prima facie, to establish jurisdiction. Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see *Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2015]; *Aurora Loan Servs., LLC v Gaines*, 104 AD3d 885, 886 [2013]). Here, the plaintiff failed to prove by a preponderance of the evidence that

- 4 -

jurisdiction over Parker and Campbell was obtained by proper service of process (see *Hobbins v North Star Orthopedics, PLLC*, 148 AD3d 784, 787 [2017]; *HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 664 [2014])."

See also, Hobbins v. North Star Orthopedics, PLLC, 148 AD 3d 784, 787 (2d Dept. 2017)(process server lacked credibility based on the fact that his records did not comply with the provisions of GBL §89-cc and 6 RCNY 2-233).

The Baezes sworn, nonconclusory denial of service rebutted the affidavit of service, and Plaintiff failed to produce any evidence supporting its affidavits of service.  Plaintiff failed to prove by a preponderance of the evidence that jurisdiction over the Baezes was obtained by proper service of process, and the Judgment is void.

## II.     Baezes Paid Their Senior Mortgage Loan.

The Report also ignores completely the fact that the Baezes kept their senior mortgage current during the entire time Plaintiff pursued its foreclosure action (DE 29-1, ¶10; DE 29-3, ¶10).:  Why would the Baezes continue paying their senior mortgage loan but not pay the junior loan or respond in any way to the foreclosure action, if they knew the loss of their home was imminent?

Clearly, the Baezes were unaware that Plaintiff was pursuing foreclosure of their home.  The Report recites all of Plaintiff's self-serving assertions, without addressing the simple fact that the Baezes paid their senior mortgage.  As responsible borrowers, the Baezes clearly would have paid the junior loan if they had been aware of any default or missed payments.  Their ongoing servicing of the senior mortgage, combined with Plaintiff's failure to proof service, clearly indicates that the Baezes were <u>not</u> served, and the Judgment is void for lack of jurisdiction.

## Conclusion.

Contrary to the Report's finding that "plaintiff has established that the Baezes were properly served and the Judgment entered against them is not void for lack of jurisdiction," the

evidence clearly shows the Baezes were not served and Plaintiff was unable to demonstrate, by a preponderance of evidence, that they were.  The Court does not have jurisdiction over the Baezes and the Judgment is void.

Dated:   March 10, 2021
            Long Island City, New York

                                        **LAW OFFICES OF JOHN F. LAGAN**
                                        *Attorneys for Plaintiff*

                                        /s/ *John F. Lagan*
                                        By:  John F. Lagan (JL 9598)
                                        44-02 23rd Street, Suite 107
                                        Long Island City, New York  11101
                                        (718) 932-2550
                                        jack@laganpc.com